USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
LEILA WILLS,                                                       :
:
Plaintiff,                                                :
:                 24-cv-03752 (LJL)
-v-                                                    :
:                 MEMORANDUM AND
RONALD SAVAGE,                                                     :                     ORDER
:
Defendant.                                                :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Leila Wills ("Plaintiff") initiated this case by complaint filed pro se on May 13, 2024, seeking cancelling of Trademark Registration No. 7372101 at the United States Patent and Trademark Office for the mark "HIP HOP STANDS WITH SURVIVORS" on grounds of fraud before that office and requesting injunctive relief preventing defendant Ronald Savage ("Defendant") from using the mark. Dkt. No. 1-1. On September 12, 2024, the Clerk entered a Certificate of Default. Dkt. No. 15. On September 15, 2024, Plaintiff moved for a default judgment. Dkt. Nos. 17-18.

As ordered at the teleconference on October 24, 2024, Plaintiff's motion for a default judgment is denied and the certificate of default entered by the Court on September 12, 2024 is vacated. Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The "good cause" standard for vacating entry of default "is more lenient than the standard to set aside a default judgment under Rule 60(b)." *Bizelia v. Clinton Towers Mgmt.*, 2023 WL 8258884, at *1 (S.D.N.Y. Nov. 29, 2023); *see Meehan v. Snow*, 652 F.2d 274, 276 (2d

Cir. 1981). To determine whether a defendant has shown good cause to vacate an entry of default, a court must weigh three factors: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). The Second Circuit has also "expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). Defendant's default here was not willful and he has demonstrated defenses that—if substantiated—are potentially meritorious. Defendant has indicated that he will not raise any questions regarding the effectiveness of the initial service. There is no prejudice to Plaintiff from the default.

Defendant is to notify the Clerk of the Court by Friday, November 1, 2024 of his address and contact information and will answer or otherwise respond to the complaint by November 22, 2024. The Court does not construe Defendant as having filed a counterclaim and accordingly, the motion to strike the counterclaim at Dkt. No. 30 is denied as moot.

Plaintiff will file her motion for a temporary restraining order and preliminary injunction with an order to show cause by October 28, 2024. Defendant shall respond to the motion by November 22, 2024. The Court will hold a hearing on the motion for a temporary restraining order and preliminary injunction on December 6, 2024 at 3:00 p.m. which will also serve as a status conference. Parties are directed to dial into the Court's teleconference number at 888-251-2909, Access Code 2123101, and follow the necessary prompts.

Pro se parties should be advised that there is a Pro Se Law Clinic available to assist unrepresented parties in civil cases. The Clinic may be able to provide a non-incarcerated pro se party with advice in connection with their case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit). For further information regarding the Pro Se Law Clinic, parties are referred to https://www.nysd.uscourts.gov/attorney/legal-assistance.

The Clerk of Court is respectfully directed to close Dkt. Nos. 17-18, 30.

SO ORDERED.

Dated: October 24, 2024
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge